UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JACKIE KELSO, | ) |
| Plaintiff, | ) |
| vs. | ) No. 2:16-cv-00430-LJM-MJD |
| COMPLETE HOME RENOVATIONS, INC., and JOHN R. WILSON, | ) |
| Defendants. | ) |
| JOHN R. WILSON, and COMPLETE HOME RENOVATIONS, INC., | ) |
| Counter Claimants, | ) |
| vs. | ) |
| JACKIE KELSO, | ) |
| Counter Defendant. | ) |

## ORDER ON MOTION TO DISMISS COUNTERCLAIM

This matter comes before the Court on Plaintiff/Counter Defendant, Jackie Kelso's ("Kelso's"), Motion to Dismiss Defendants/Counterclaimants, Complete Home Renovations, Inc.'s, and John R. Wilson's (collectively, "Complete's"), Counterclaim, based on a lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). Kelso asserts that supplemental jurisdiction over Complete's Counterclaim pursuant to 28 U.S.C. § 1367 is improper because it does not arise from the same case or controversy as Kelso's claims under the Fair Labor Standards Act

1

("FLSA") and the Indiana Wage Payment Act. Dkt. No. 13. Complete, however, argues that its Counterclaim and Kelso's Complaint both relate to Kelso's actions and the actions of her company, If These Walls Could Talk, Inc. ("If These Walls Could Talk"), while working with Complete, making supplemental jurisdiction over the Counterclaim proper. Dkt. No. 15 at 2.

## I. **BACKGROUND**

In her Complaint, Kelso alleges that she worked for Complete until she was terminated in August 2016 and that Complete refused to pay Kelso for all of her accrued wages and for overtime for hours she worked exceeding forty hours per week. Dkt. No. 1, ¶¶ 4-7. Kelso asserts that Complete's refusal violated of the FLSA and the Indiana Wage Payment Act. *Id.*, at ¶¶ 8-15.

In response to Kelso's Complaint, Complete denied that Kelso was employed by Complete and asserted its Counterclaim for conversion against Kelso. *See generally*, Dkt. No. 10. In its Counterclaim, Complete alleges that it formed an independent contractor agreement with If These Walls Could Talk, an Indiana corporation for which Kelso is the sole shareholder, officer, and director. *Id.* at 6. Complete claims that, under this independent contractor agreement, If These Walls Could Talk agreed to seek out and secure job contracts for Complete in exchange for a 10% commission for each job it secured. *Id.* Complete contends that Kelso, as the sole proprietor of If These Walls Could Talk, converted $3,175.00 from Complete's accounts receivable and deposited the funds into her personal bank accounts, in violation of Indiana Code § 35-43-4-2. *Id.* at 6-7.

2

## II. **STANDARD**

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under [Rule] 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). When challenged, the party invoking the Court's jurisdiction bears the burden of establishing that the Court has proper jurisdiction of the case. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The Court may view any evidence submitted beyond the jurisdictional allegations within a complaint to determine whether the Court has subject matter jurisdiction over a claim. *Id.* (quoting *Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)).

Pursuant to 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In accordance with this statute, a federal court's jurisdiction over federal questions can be carried over to state law claims that "'derive from a common nucleus of operative fact,' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprise but one constitutional case.'" *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999) (quoting *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997)). *See also*, *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). This requirement is satisfied by demonstrating that "'[a] loose factual connection'" exists between the federal and state

law claims. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 683 (7th Cir. 2014) (quoting *Baer v. First Options of Chi., Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)).

### III. **DISCUSSION**

Although Complete argues that its conversion claim arises from the same set of facts giving rise to Kelso's FLSA and Indiana Wage Payment Act claims, Dkt. No. 15 at 2, Complete has not provided sufficient facts to establish "a loose factual connection" between its Counterclaim and Kelso's claims to support finding supplemental jurisdiction. Complete has not provided any factual basis beyond alleging it had a working relationship with Kelso to demonstrate how its Counterclaim for conversion of Complete's accounts receivable relates to Kelso's claims alleging that Complete failed to pay her proper wages, and the existence of an employment relationship alone cannot establish a common nucleus of operative fact to support supplemental jurisdiction in an FLSA case. *Villareal v. El Chile, Inc.*, 601 F. Supp. 2d 1011, 1018-19 (N.D. Ill. 2009). Furthermore, Kelso's wage payment claims and Complete's conversion claim do not share any common elements, and Complete's conversion claim could be litigated without discussing any of the key facts associated with Kelso's claims. *See Hadad v. World Fuel Serv., Inc.,* No. 13 C 3802, 2013 WL 6498894, at *3 (N.D. Ill. Dec. 11, 2013) (concluding that supplemental jurisdiction over a state battery claim was improper because the facts necessary to prove a claim of battery were completely unrelated to those necessary to prove a claim under FLSA and because the elements for each claim were completely distinct); *Lewis v. Carrier One, Inc.*, No. 15 CV 7402, 2016 WL 910522, at *4 (N.D. Ill. Mar. 10, 2016) (distinguishing from *Rothman v. Emory Univ.*, 123 F.3d 446 (7th Cir. 1997),

because the plaintiff's conversion claim "could be litigated without discussion of the operative facts" of his wage payment claim).

Complete's Counterclaim also alleges that Kelso acted through her company, If These Walls Could Talk, in order to convert funds from Complete's accounts receivable. Dkt. No. 10, at 6-7. However, If These Walls Could Talk has not been named as a party to this action, and Kelso's Complaint contains no reference to If These Walls Could Talk or the alleged independent contractor agreement it had with Complete.

If Complete had plead that the FLSA was not applicable in light of its independent contractor agreement with If These Walls Could Talk and asserted its Counterclaim for conversion against Kelso "doing business as" If These Walls Could Talk, it is possible that the Court could find a common nexus between Kelso's claims and Complete's Counterclaim to support supplemental jurisdiction. However, Complete's Counterclaim as written does not clearly support such a position and does not otherwise allege enough facts to find a factual connection to Kelso's claims. Because Complete has not alleged sufficient facts to find a common nexus between Kelso's claims and its Counterclaim, and because Complete's Counterclaim includes allegations relating to actions taken by If These Walls Could Talk, this Court cannot properly assert supplemental jurisdiction over Complete's Counterclaim.

## IV. **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Kelso's Motion to Dismiss Counterclaim, **without prejudice**. The Court further **GRANTS** Complete leave to amend its Counterclaim within fourteen days from the date of this Order.

IT IS SO ORDERED this 7th day of February, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert F. Hunt
HUNT HASSLER LORENZ & KONDRAS LLP
hunt@huntlawfirm.net

Thomas S Clary, II
Wright Shagley & Lowery, P.C.
tclary@wslfirm.com